# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Illinois Transportation Trade Association, Yellow Group LLC, Yellow Cab, Affiliation Inc., Taxi Affiliation Services, LLC, YC1 LLC, YC2 LLC, YC17 LLC, YC18 LLC, YC19 LLC, YC20 LLC, YC21 LLC, YC22 LLC, YC25 LLC, YC26 LLC, YC29 LLC, YC32 LLC, YC37 LLC, YC49 LLC, YC51 LLC, YC52 LLC, YC56 LLC, Transit Funding Associates LLC, 5 Star Flash, Inc., Chicago Medallion Six LLC, Chicago Carriage Cab Corporation, Royal 3CCC Chicago Taxi Association, Tri Global Financial Services, Inc., Chicago Elite Cab Corporation, Chicago Medallion Brokers, One Hundred Eleven Corporate Medallion Owners Association, Emily's Limousine Service Company, Francis Koblah, Emanuel Ofosu, and Brad Saul, <br><br>    Plaintiffs, <br><br>vs. <br><br>The City of Chicago, <br><br>    Defendant. | **UBER TECHNOLOGIES, INC.'S MOTION TO STRIKE DOCKET ENTRY NO. 1-3** <br><br> CIVIL ACTION NO. 14-CV-00827 <br><br> Judge Sharon Johnson Coleman |

**UBER TECHNOLOGIES, INC.'S MOTION TO STRIKE
DOCKET ENTRY NO. 1-3**

Nonparty Uber Technologies, Inc. ("Uber") respectfully moves this Court to strike Exhibit 3 to Plaintiffs' Complaint, Dkt. 1-3. On February 6, 2014, Plaintiffs publicly filed Exhibit 3 along with the Complaint in this action. Exhibit 3 consists of documents that contain Uber's confidential business information, and Plaintiffs publicly filed Exhibit 3 despite the fact that all pages prominently bear the designations "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY." Plaintiffs did so without making any attempt to ascertain the confidentiality of the

documents by contacting Uber or by any other means. Nor did Plaintiffs seek Uber's consent before publicly filing Exhibit 3.

Plaintiffs admit that the documents bear those confidentiality designations. Compl. at ¶ 40. They attempt to justify their willful and complete disregard for the designations by claiming that "Uber introduced [the document Plaintiffs marked as Exhibit 3] in evidence at the preliminary injunction hearing before [this Court]" on April 29, 2013. Compl. at ¶ 40. Plaintiffs' stated justification misrepresents what occurred during that hearing before this Court.

On April 29 and 30, 2013, in the matter of *Yellow Group LLC et al. v. Uber Technologies, Inc.*, No. 12-CV-7967 (N.D. Ill.), this Court held a hearing on plaintiff Yellow Group's motion for a preliminary injunction and Uber's motion to dismiss. To facilitate the examination and testimony of Uber's witness Andrew Macdonald, Uber provided Mr. Macdonald, as well as counsel for Yellow Group and this Court, with hard copies of the documents attached to Plaintiffs' Complaint as Exhibit 3. The documents were not "introduced in open court." The documents were not displayed and were not visible to anyone other than this Court, Mr. Macdonald, counsel for Yellow, and counsel for Uber. Apr. 29, 2013 Hearing Tr., attached hereto as Feb. 10, 2014 Declaration of Amit B. Patel ("Patel Decl.") Ex. A, at 157:10-23.

Moreover, in order to preserve the confidentiality of the documents, and in direct contradiction to what Plaintiffs assert in their Complaint, Uber sought to ensure that the documents were not "introduced in evidence." Counsel for Uber expressly stated, and this Court acknowledged, that Uber was not offering the documents into evidence. Patel Decl. Ex. A at 158:23-160:2.

Since the documents were not introduced into evidence nor included on a public docket, Plaintiffs' justification can be based only on the alleged discussion of the documents' contents on the record. However, that is insufficient to deprive the documents of their confidential status. *See Lien v. Wilson & McIlvaine*, No. 87 C 6397, 1988 WL 58613, at *2 (N.D. Ill. Jun. 2, 1988) (denying motion to compel on grounds of waiver, despite "the disclosure of the contents of [a]

document on the record prior to a ruling on [] privilege"). *See also Frerck v. John Wiley & Sons, Inc.*, No. 11 C 2727, 2012 WL 2127420, at *2-*3 (N.D. Ill. Jun. 20, 2012) ("the fact that a party other than [the defendant] may have put the document on the public docket in another case does not necessarily preclude [the defendant] from designating it 'confidential' nor does it preclude the document's protected status in this case.").

At some time after April 29, 2013, by means and for reasons unknown to Uber, copies of these documents came into Plaintiffs' possession. Regardless of whether Plaintiffs disagree with the designations on those documents, Plaintiffs' unilateral decision to publicly file the documents and failure to even consider the confidentiality of the documents has resulted in sensitive information becoming publicly available for download through this District's CM/ECF system. The extent to which that information has been disseminated is impossible for Uber to ascertain, and the best means to prevent further dissemination is this Court's ordering the removal of that information from the system.

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). A "District Court [has] jurisdiction to grant [a] motion to strike pursuant to its inherent powers." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citing *Chambers*, 501 U.S. at 43). This includes striking documents submitted as exhibits. *Ready Transp.*, 627 F.3d at 404 (citing *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586-87, 588 (9th Cir. 2008)). *See also City of Sterling Heights Gen. Employees' Ret. Sys. v. Hospira, Inc.*, 11 C 8332, 2013 WL 566805, at *11(N.D. Ill. Feb. 13, 2013) (noting "the Court's inherent power to strike impermissible filings") (citing *In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*, 763 F.Supp.2d 423, 581-82 (S.D.N.Y. 2011) (noting that a district court has "inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances")). As the court explained in in *Ready Transp.*, determining what appears in court records, and thus striking

confidential materials from this Court's public docket, is within its inherent power. 627 F.3d at 404-05.

For the reasons stated herein, Uber respectfully requests that this Court, pursuant to its inherent power:

(i) Grant Uber's Motion to Strike Exhibit 3 filed with Plaintiffs' Complaint;

(ii) Enter an order directing the immediate removal of Exhibit 3 to Plaintiffs' Complaint (Dkt. 1-3) from the public record in this case;

(iii) Order Plaintiffs to provide to Uber all communications constituting, referring or relating to the circumstances surrounding their obtaining the documents in Exhibit 3; and

(iv) Grant any other relief that this Court deems appropriate in addressing Plaintiffs' deliberate conduct.

DATED: February 10, 2014				QUINN EMANUEL URQUHART & SULLIVAN, LLP


									By  /s/ Stephen A. Swedlow
									Stephen A. Swedlow
									Attorney for Uber Technologies, Inc.

Stephen A. Swedlow (ARDC No. 6234550)
    stephenswedlow@quinnemanuel.com
Andrew H. Schapiro (ARDC No. 6209041)
    andrewschapiro@quinnemanuel.com
Amit B. Patel (ARDC No. 6309876)
    amitbpatel@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone:   (312) 705-7400
Facsimile:   (312) 705-7401

John B. Quinn
    johnquinn@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone:   (213) 443-3000
Facsimile:   (312) 443-3100