# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| ILLINOIS TRANSPORTATION TRADE ASSOCIATION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 14 cv 827 |
| THE CITY OF CHICAGO, an Illinois municipal corporation, | ) ) ) | Judge Sharon Johnson Coleman |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant City of Chicago's ("the City") motion to dismiss the Third Amended Complaint [98], intervenors' motion to dismiss [95], and plaintiffs' amended motion for preliminary injunction [93]. The Court denies the motions for the reasons set forth below.

*1. Defendant's Motion to Dismiss the Third Amended Complaint*

The plaintiffs are individuals and entities engaged in the licensed taxi and livery industry in Chicago, Illinois. Plaintiffs allege that the City of Chicago has arbitrarily violated their constitutional rights by applying burdensome and costly taxi and limo regulations to them, while permitting drivers in "Transportation Network Providers" ("TNP") to compete in the "for-hire" transportation industry without having to comply with the same cost and regulations as plaintiffs. On September 22, 2015, this Court granted in part and denied in part plaintiffs' Second Amended Complaint, finding that plaintiffs had stated an Equal Protection claim Counts II and III. The City moved for reconsideration of that Order, arguing that this Court should also have dismissed the Equal

Protection claims in Counts II and III. On November 18, 2015, this Court denied the City's motion to reconsider. The Court also denied plaintiffs' motion for preliminary injunction without prejudice.

On November 25, 2015, plaintiffs' filed a Third Amended Complaint, encompassing all claims as well as new allegations for equal protection violation based on the new regulations for airport pickups. Counts I, IV, V, VI, and VII, remain dismissed, but are included to preserve plaintiffs' appeal rights. The City filed a motion to dismiss the Third Amended Complaint. Although styled as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the City rehashes and reasserts the same arguments that this Court has rejected twice already.

While motions to reconsider interlocutory orders are permitted in the court's discretion under Federal Rule of Civil Procedure 54(b), they are disfavored. Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura,* 458 F.Supp.2d 704, 707 (N.D.Ill. 2006) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir.1996)). Under this standard a manifest error of law or fact occurs when a district court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990). A party asserting such an error bears a heavy burden, and motions for reconsideration "are not at the disposal of parties who want to 'rehash' old arguments." *Zurich Capital Mkts., Inc. v. Coglianese,* 383 F.Supp.2d 1041, 1045 (N.D.Ill. 2005).

Here, the City primarily rehashes the same arguments that this Court considered and rejected when ruling on its motion to dismiss the Second Amended Complaint and on the City's motion to reconsider. As courts routinely state, motions to dismiss are not intended to test the merits of a claim and are construed in favor of the non-moving party. This Court therefore found that the

plaintiffs had stated a claim for disparate treatment under the Equal Protection Clause in Counts II and III. The City has not persuaded this Court to find otherwise for the repled allegations either through its motion for reconsideration or the motion to dismiss the Third Amended Complaint now before the Court. The only new issue for the Court to consider is plaintiffs' claim that the City's new airport rules state a claim for equal protection. Plaintiffs' claim is that liveries and taxis that pre-arrange airport pickups via a smartphone app should have the same access to passengers as TNPs at the upper level of the airport rather than the "congested" lower level.

The Equal Protection Clause of the Fourteenth Amendment preserves the right of all similarly situated persons to be treated equally under the law. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Boston Taxi Owners Ass'n, Inc. v. City of Boston*, No. CV 15-10100-NMG, 2016 WL 1274531, at *1 (D. Mass. Mar. 31, 2016). The City "may not rely on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational." *Illinois Sporting Goods Ass'n v. County of Cook,* 845 F.Supp. 582, 591 (N.D. Ill. 1994) (quoting *Cleburne Living Ctr.*, 473 U.S. at 446). The City asserts that its purpose of managing airport traffic and minimizing disruption to customer expectations about where to find taxis and liveries. There is no rational reason to distinguish between types of for-hire car with a pre-arranged pickup made through a smartphone app. In both instances, any vehicle creates more congestion in the area of the airport to which the vehicle is sent. The same would be true if cars of one model were sent one way and cars of another model sent a different direction. Thus, plaintiffs have stated a claim for disparate treatment under Equal Protection. The City's motion to dismiss is denied.

The intervenors separately move to dismiss, arguing that plaintiffs fail to state a claim under Equal Protection because they are asking for a remedy that is not available to them for such a violation. Plaintiffs have abandoned their request, which would cause the arrest of TNP drivers for

failing to comply with the taxi ordinance. This Court denies the intervenors' motion to dismiss as moot.

*2. Preliminary Injunction*

Plaintiffs move for preliminary injunction seeking equal treatment for the taxis and the TNPs by requesting the Court impose an injunction preventing the City from enforcing the taxi ordinance. With the amendment governing airport pickups, the plaintiffs are also requesting application of the TNP ordinance to taxis and liveries that pre-arrange airport pickups through smartphone applications. The injunctive relief plaintiffs are requesting puts the Court in the position of acting as super-legislator by directing the City to apply parts of the TNP Ordinance to the taxi plaintiffs. Plaintiffs are essentially asking the Court to dictate the City's transportation policy. This is evident from their motion in which they acknowledge that the City Council and the Mayor will be put in the position of revising the statute or violating this Court's order. The Court declines to grant such an extraordinary remedy.

Since this Court is not in the position of issuing advisory opinions, the Court is struggling with how to resolve plaintiffs' complaint. Resolution of plaintiffs' complaint is best directed to the legislative process. Regardless of this Court's ruling on the merits of plaintiffs' claim should it reach that stage, plaintiffs will have to address their concerns to the City Council because it is clear that monetary relief will not resolve the ultimate problem for plaintiffs. It is the City Council that has the authority to remedy the situation at hand, and not this Court.

**Conclusion**

For the reasons stated herein and after careful consideration of the parties' arguments this Court denies the City's Motion to Dismiss the Third Amended Complaint [98], denies Intervenors'

Motion to Dismiss [95], and denies Plaintiffs' Amended Motion for Preliminary Injunction [93]. At the next status hearing, plaintiffs should be prepared to address what remedy they are in fact seeking that this Court would have the authority to impose. Status hearing set for May 6, 2016, at 9:00 a.m.

IT IS SO ORDERED.

Date: April 25, 2016

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge